**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,

    Plaintiff,

    v.                                                 Case No.    1:19cr044

Brian Rini,                                         Judge Michael R. Barrett

    Defendant.

## CRIMINAL PRELIMINARY PRETRIAL ORDER

To eliminate unnecessary motions for discovery, to expedite the trial, and to eliminate delays in the presentation of evidence and examination of witnesses in this case, this matter shall precede as follows:

1. <u>Telephone Status Conference</u>[1]: **May 14, 2019 at 10:30 am**

2. <u>Discovery and Inspection</u>. The attorney for the defendant is directed to contact promptly the Assistant U.S. Attorney in charge of the prosecution of his/her case, if prior contact has not been made, and arrange a meeting for the purpose of resolving all requests for discovery provided for under the Federal Rules of Criminal Procedure, including Rule 16. Upon request for discovery by the attorney for the defendant, pursuant to Fed. R. Crim. P. Rule 16, the government shall make the required disclosure of evidence discoverable under the terms and conditions of Rule 16(a). The government shall file a response within <u>one week</u> of the filing of the defendant's request.

The discovery meeting shall be held as promptly as possible and prior to <u>one week after arraignment</u>. If at any time during the course of these proceedings after the initial request, any party fails to comply with Fed. R. Crim. P. 16, such failure shall be brought to the attention of the

---

[1] Counsel shall initiate contact with the Court by calling 513-564-7660 five minutes prior to as indicated above..

Court by a specific motion to compel discovery.   Motions to compel shall be filed <u>one week</u> from the date of a party's denial of the initial request.

3. <u>Disclosure Declined</u>.   If it is the judgment of the Government attorney that it would be detrimental to the interests of justice to make any disclosure set forth in Section 1 which is requested by defense counsel, disclosure may be declined and defense counsel shall be so advised.   The declination shall be made or confirmed in writing.

If a defendant seeks to challenge the declination, the defendant may move the Court for relief in the following manner:

(a)   The defendant shall file a motion for discovery or inspection no later than five business days from the time the Government declines.

(b)   The motion shall set forth: 1) the statement that the prescribed conference was held, 2) the date of the conference, 3) the name of the Government attorney with whom the conference was held, 4) the matters that were agreed upon, and 5) the matters that are in dispute and require determination by the Court.

4. <u>Continuing Duty</u>.   Any duty of disclosure and discovery set forth herein is a continuing duty.

5. <u>Discovery by the Government</u>.   This Order is not intended to preclude discovery by the Government pursuant to Rules 16(b) or 26.2 of the Federal Rules of Criminal Procedure.

6. <u>Motion Deadline</u>.   All motions of any kind, by the defendant or by the government, shall be filed on or before **May 13, 2019**.   All briefs opposing said motions shall be filed no later than <u>one week after motions are filed</u>.   Reply briefs will not be filed.   The moving party shall state in the motion whether an evidentiary hearing is required and shall provide the reasons supporting this request.   If the Court agrees, a hearing will be set forthwith.

7. <u>Final Pretrial Conference</u>: **June 13, 2019 at 11:00 am, Courtroom 109.**   The defendant is not required to attend.   However, should the defendant wish to change his plea,

the final pretrial conference will be converted to a change of plea hearing.

        8.      <u>Pre-Marking and Listing of Exhibits</u>.

        (a)  Each party intending to offer exhibits shall mark the exhibits prior to commencement of the trial. Exhibit labels may be obtained from the Courtroom Deputy, Clerk of Courts in advance of trial. The United States shall identify their exhibits as "PX#," and the defendant shall identify their exhibits as "DX#." Counsel must use Arabic numbers.

        (b)  Counsel should provide the original and two copies of exhibits to Chambers, and one copy to opposing counsel, <u>three (3) business days</u> prior to the commencement of trial, unless the interests of justice require otherwise. The two copies of exhibits to the Court should be three hole punched and placed in notebooks.

        (c)  Exhibits which are introduced for the first time during trial, as in the case of exhibits used for impeachment, should be tendered to the courtroom deputy for marking and then displayed to opposing counsel. Copies must be provided to opposing counsel, the Court and the Court's Law Clerk.

        9.      <u>Scientific Analysis</u>. When the Government or defense has disclosed the scientific analysis of a proposed exhibit to opposing counsel, and that analysis has been made by an expert in the field of science involved, the results of the scientific analysis of the exhibit and the opinion of the scientist will be deemed admitted unless opposing counsel files with the Court prior to 10 business days before the date of trial a notice that the scientific analysis of the exhibit will be contested. This notice shall state whether the expert is desired as a witness.

        10.     <u>Refreshing Memory</u>. Whenever counsel for a party provides a witness with a document to refresh the memory of the witness for the purpose of testifying at trial, the opposing counsel shall permit defense counsel to inspect and copy the document, provided that such copy shall not be further duplicated. The document shall remain in the possession of counsel and shall be used only for the purpose of representing the parties in this case.

11. <u>Jury Instructions</u>. Counsel should submit proposed, substantive jury instructions, which indicate the filing party, the supporting authority and shall be numbered. The proposed instructions shall be filed with the Clerk's office at least <u>five (5) business days</u> before the scheduled trial date. Counsel are also required to submit a copy of their instructions by email to barrett_chambers@ohsd.uscourts.gov formatted in WordPerfect. Supplemental requests for instructions during the course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be reasonably anticipated at the time of presentation of the initial set of instructions. Copies also should be served upon opposing counsel.

12. <u>Trial Date</u>: **June 24, 2019 at 9:30 am, Courtroom 109.**

13. <u>Defendant Attendance</u>. The United States Marshal is hereby **DIRECTED** to have any defendant in its custody present at the final pretrial conference set in Section 6, if requested by counsel, and at the trial set in Section 11. If the defendant is not in the custody of the United States Marshall, Defense counsel is hereby **DIRECTED** to have the defendant present at all settings.

14. Any motions for a change of the trial date shall be in writing, shall be made at least <u>ten (10) days</u> prior to the scheduled trial date, and shall set forth those factors listed in 18 U.S.C. § 3161(h)(7) which the movant contends support the motion. Failure to provide set forth these factors may be grounds to deny the motion.

15. The parties shall refer to the Court's web site at www.ohsd.uscourts.gov/judges/htm for further information regarding the trial procedures of this Court.

**IT IS SO ORDERED.**

        *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court